## Commonwealth *v.* Lane.

*Rewards—Constables—Arrest of horse thief—Act of March* 15, 1821, 7 *Sm. L.* 388.

A constable is not entitled to the reward provided for under the Act of March 15, 1821, P. L. 388, for the apprehension of "any person who shall have stolen any mare, horse or gelding within any county of this Commonwealth."

Argued March 14, 1905.   Appeal, No. 51, March T., 1905, by Cumberland County, from order of Q. S. Cumberland Co., Sept. T., 1904, No. 52, discharging rule to revoke an order adjudging a reward.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Rule to set aside an order adjudging a reward to H. J. Bently, constable, for the arrest of a horse thief.

The court discharged the rule.

*Error assigned* was the order of the court.

*E. M. Biddle, Jr.,* for appellant.—The question has repeatedly been considered by the lower courts of the state, and the weight of authority, as evidenced by the reported cases, is overwhelmingly opposed to the position taken by the court below in the present case: Com. v. Chester, 42 Legal Int. 276 ; Com. v. Miller, 25 Pa. C. C. Rep. 491 ; Appel's Petition, 43 Legal Int. 108 ; Com. v. Edwards, 6 Lacka. Legal News, 44 ; Com. v. Riker, 6 Lacka. Legal News, 46 ; Com. v. Harshman, 20 Pa. C. C. Rep. 666 ; In re Babcock, 7 Montg. 171 ; Com. v. Hobbs, 3 Del. Co. Rep. 97 ; Com. v. Koffroth, 30 Pa. C. C. Rep. 45.

*T. E. Vale,* for appellee, filed no printed brief.

OPINION BY BEAVER, J., May 17, 1905 :

The duty of a constable in relation to the execution of criminal process is clearly defined in Smith v. Whildin, 10 Pa. 39. That, it is true, was an offer or promise of reward by a private individual for the arrest of a criminal which was held to be

without consideration as being against public policy; but the grounds upon which the decision rests are equally strong in the case of the reward provided for under the act of March 15, 1821, 7 Sm. L. 388, for the apprehension of "any person who shall have stolen any mare, horse or gelding within any county of this commonwealth."

The evident intent of the legislature in the passage of the act referred to was to stimulate the activity of those who were under no special obligation to assist in the arrest of the thief.

The constable is a public officer. He is bound to execute criminal process not for private gain but for the public good. In this case he had a warrant which it was his duty to execute. The discharge of duty ought to be sufficient stimulus for him, and for this the law has provided what is presumed to be sufficient compensation in the fees established for such service. Such compensation the officer in this case admits he has received. He is entitled to no other.

This has been the almost universal ruling of our several courts of common pleas which have passed upon this question. It was so held by the late Judges ARNOLD of Philadelphia, CLAYTON of Delaware and GUNSTER of Lackawanna; by Mr. Justice MESTREZAT when upon the common pleas bench of Fayette county; by Judge ARCHBALD, of the U. S. district court for the middle district of Pennsylvania, when upon the common pleas bench of Lackawanna county; by our former colleague, Judge MITCHELL, when upon the common pleas bench of Tioga county; by Judge UMBEL of Fayette county, and by Judges WEAND of Montgomery county and LANDIS of Lancaster county, who held that the rule applied with special force when, as here, the warrant was sworn out by a private prosecutor.

To the same effect are numerous decisions outside our jurisdiction; but, as the question here involved arises under our own statute, they need not be cited.

It is, therefore, adjudged and decreed that the order of the court below, discharging the rule to show cause why the order of October 3, 1904, adjudging H. J. Bentley entitled to the reward of $20.00 should not be opened and revoked, be and is hereby reversed and set aside, and the said rule is hereby made absolute. Costs to be paid by the appellee.