## Escheat on Information of State Employe

Scott, Deputy Attorney General, June 23, 1933.—You have asked to be advised whether an informant's fee is payable to an employe of the Commonwealth who files information leading to the escheat of the estate of a decedent. You specifically refer to the estate of Eugene Dumontier in which matter on January 31, 1907, James C. Deininger, then an employe in the Department of State, filed an information in escheat as provided by law. From this estate a net balance of $1,890 was paid into the State Treasury. Of this amount one quarter, or $472.50, would be due to Mr. Deininger if, under the circumstances, he is entitled to an informant's fee.

An informant is defined by section 1304 of The Fiscal Code of 1929, P. L. 343, which restated section 24 of the Act of May 2, 1889, P. L. 66, as amended by the Act of May 11, 1911, P. L. 281. This section provides in part as follows:

"Except as hereinafter otherwise provided, any person, who shall first inform the Department of Revenue, by writing signed by such person in the presence of two subscribing witnesses, that any escheat has occurred by reason of the fact that any person has died intestate, without heirs or known kindred, a widow, or surviving husband, or by reason of any other fact, and who shall procure necessary evidence to substantiate the fact of said escheat, and shall prosecute the right of the Commonwealth to the property escheated with effect, shall be entitled to one-fourth part of the proceeds of all property, real, personal or mixed, that has been declared escheated to the Commonwealth in pursuance of such information, after deducting therefrom all debts and expenses with the payment of which said property is charged, and all proper costs and charges

incident to the establishing of such escheat, and the converting of the escheated property into money: ..."

Therefore, unless some statutory prohibition specifically prevents the paying of informants' fees to employes of the Commonwealth, or unless such practice is contrary to public policy, there would seem to be no reason why the mere fact that the person making the information is employed by the Commonwealth should deprive him of the fee. There is no specific enactment on the subject. The question of whether or not the practice is contrary to public policy requires some discussion.

The compensation provided for an informer is similar in nature to a reward offered for the detection of crime, according to the opinion of Hon. John C. Bell, Attorney General, to Hon. A. E. Sisson, Auditor General, dated June 27, 1911, Attorney General's Reports 1911-1912, p. 44. The Attorney General, in that opinion, said:

"The compensation due an informer is analogous to a reward offered for the detection of crime or for the recovery of property. Com. ex rel. Henry v. Gregg, 1 Dauph. Co. Reps. 203.

"The offer as set forth in this Act of Assembly is an invitation to the public or proposal to enter into a contract. The second element of the contract is the acceptance by the Auditor General of the information given. The performance by the informer is 'the last element of the contract, and makes the theretofore conditional and revocable proposal a part of a completed contract, with an executed consideration on the one side and a binding promise to pay on the other'. 24 Am. & Eng. Ency. of Law (2d ed.), 943, 952, 955."

In cases where rewards are offered for the detection of a criminal it has been held, as a general principle of law, that it is the duty of a peace officer to pursue and arrest offenders and that it is against public policy to permit such officers to accept rewards for the performance of such services: Smith v. Whildin, 10 Pa. 39, Com. v. Lane, 28 Pa. Superior Ct. 149, and Smith v. Lancaster County, 29 Dist. R. 902.

An exception, however, is recognized where the claimant of the reward, although a peace officer, was not charged by warrant or other process to make the arrest, or where the offender is a fugitive having committed the offense in another jurisdiction. In the case of Barry, Trustee, v. Gvoic, 8 D. & C. 544, this exception was recognized. In that case Reader, P. J., said (p. 546) :

"A fuller examination of the authorities, however, shows that exceptions to the rule are recognized where the circumstances are such that it cannot be said that it is the duty of the officer in question to pursue, search for and arrest the alleged criminal. Such an exception has been held to arise where the officer was not charged by warrant or other judicial process to make the arrest, or where the arrest was made by an officer in one state of a fugitive from another jurisdiction. In these cases it has been held that the officer, if he makes the arrest and otherwise complies with the conditions attending the offer of the reward, may claim the reward. A distinction also seems to be recognized between the right to take a reward from a private individual and the right to take one authorized by statute. Among the cases illustrating these exceptions are the following: Marsh v. Wells-Fargo & Co. Express, 43 L. R. A. (N. S.) 133; Smith v. Vernon County, 87 S. W. Repr. 949; 70 L. R. A. 59; U. S. v. Matthews, 173 U. S. 381.

"The cases above cited also cite numerous other cases to the same effect.

"In the Pennsylvania case of Creamer et al. v. Hall, 2 Del. Co. Reps. 378, it was held that the case was not ruled by the decision in Smith v. Whildin, 10 Pa. 39, because the officers in question were under no obligation to make the arrest, no warrant having been placed in their hands. ..."

Since an informant's fee is analogous to a reward for the detection of crime, the same general rule and the same exception should prevail.

Therefore, we advise you that if an informant is an employe of the Commonwealth at the time the information in escheat is filed, and if his duties have anything whatsoever to do with the collection or securing of escheats due the Commonwealth or with the keeping of any records pertaining thereto, payment of the statutory fee would be contrary to sound public policy. If, however, the duties of the informant deal entirely with other functions of the State Government, the mere fact that he is an employe cannot deprive him of the statutory fee.

In the case you specifically mention no great difficulty is presented. At the time the information in the Dumontier estate was filed, the Department of State in which Mr. Deininger was an employe, had no duty, statutory or otherwise, in connection with the collection of escheats. The Escheat Act of 1889, P. L. 66, imposed duties only upon the Auditor General. At that time the only other agencies of the State Government which conceivably could have anything to do with escheat matters were the Attorney General's Department and the State Treasurer.

Therefore, you are advised that an informant's fee of one quarter of the net amount paid into the State Treasury in the Eugene Dumontier estate may be paid to James C. Deininger in spite of his State employment, if he has otherwise entitled himself to receive it.

From C P. Addams, Harrisburg, Pa.